IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ORLANDO PEREZ MARTINEZ,**

    **Plaintiff,**

vs.                                  Case No. 4:14cv146-WS/CAS

**C. DOUGLAS, L. GRAHAM,
and C.E. RICHARDSON, M.D.,
and CORIZON MEDICAL SERVICES,**

    **Defendants.**

_____/


**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed a motion seeking an order which would require Plaintiff be provided a "second medical oppinion [sic] by a medical group other then those employed by Florida Department of Corrections or its affiliates and Corizon Health Services as theese [sic] are whom the above styled case is against . . . ."  Doc. 18.  Plaintiff's motion is in the nature of a request for injunctive relief.

    Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), citing United States v. Lambert, 695 F.2d 536, 539 (11th

Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Here, Plaintiff's complaint, doc. 1, and amended complaint, doc. 12, have been found insufficient to state a claim and Plaintiff has been required to submit a second amended complaint. Doc. 14. Because the complaints have been deficient, Plaintiff has not shown a substantial likelihood of success on the merits. Moreover, Plaintiff's motion does not explain why he needs a second opinion, why he faces irreparable injury, or even address his medical condition in any way. The motion is insufficient and should be denied.

Finally, Plaintiff indicated he wanted the second opinion before his deadline to file the second amended complaint. Doc. 18. Plaintiff does not need a doctor's opinion

before he drafts his complaint.  Plaintiff should review the prior Order, doc. 14, and submit his complaint by the extended deadline of October 4, 2014.  *See* doc. 17.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a second medical opinion, doc. 18, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**